**HENG QIU RUAN, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–40315–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Steven Kim, Keisha–Ann G. Gray, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Heng Qiu Ruan, though counsel, petitions for review of the July 2003 BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA denied Ruan's motion as untimely. Pursuant to 8 C.F.R.

§ 1003.2(c)(2), a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Ruan's sole argument in his brief to this Court is that the BIA abused its discretion in calculating the 90–day filing deadline from its August 28, 2002 denial of his appeal, rather than from its December 13, 2002 denial of his motion to reconsider. We need not address which of these dates constitutes the "final administrative decision," because the BIA did not receive Ruan's motion to reopen until March 17, 2003, and therefore it was filed beyond the 90–day deadline under either calculation. Moreover, Ruan has not argued to the BIA or to this Court than any exceptions should have applied in his case. Therefore, the BIA did not abuse its discretion in denying Ruan's motion as untimely. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).